# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

KATINA DAVIDSON, *et al.*,        )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )   **Civil Action No. 09-1283 (RMU)**
                                  )
DISTRICT OF COLUMBIA, *et al.*,   )
                                  )
        Defendants.               )

———————————————————————

## DEFENDANTS' MOTION TO DISMISS

Defendants, by undersigned counsel, and pursuant to Fed. R. Civ. P. 8(a), 10(b), 12(b)(1), 12(b)(6), 12(e), 20 and 21, hereby move to dismiss all claims, save the first, as improperly joined; to dismiss all claims that are facially deficient and fail to state a claim for attorneys' fees under Section 1415(i)(3)(B) of the IDEA; to dismiss all claims that are barred by the applicable 90-day limitations period provided by this Circuit's caselaw and Section 1415(i)(2)(B) of the IDEA; and, in any event, to dismiss the individually named Defendants as improper parties.

A Memorandum of Points and Authorities in support of this motion, along with a proposed order, are attached hereto.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [012914]
Section Chief
Equity Section II

*/s/ Richard A. Latterell*
RICHARD A. LATTERELL [502127]
Assistant Attorney General
Civil Litigation Division
Equity Section II
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6626 (phone)
(202) 715-7820 (facsimile)
Richard.latterell@dc.gov

November 25, 2009

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KATINA DAVIDSON, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 09-1283 (RMU)** |
| | ) |
| **DISTRICT OF COLUMBIA, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully submit this memorandum in support of their motion to dismiss all claims, save the first, as improperly joined; to dismiss all claims that are facially deficient and fail to state a claim for attorneys' fees under Section 1415(i)(3)(B) of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §1415, *et seq.*; to dismiss all claims that are barred by the applicable 90-day limitations period provided by this Circuit's caselaw and Section 1415(i)(2)(B) of the IDEA; and, in any event, to dismiss the individually named Defendants as improper parties.

This action is an aggregation of 158 separate claims for attorneys' fees under the IDEA. Combined in the complaint are fee requests on behalf of IDEA-eligible students, each asserting prevailing party status arising from 158 different administrative proceedings, each concluded on different dates, in varying fashion, and each involving separate facts and legal issues.[1]

---

[1]    As shown below, the complaint and accompanying Appendix A indicate claims based on both Hearing Officers' Decisions ("HODs") and settlement agreements. For simplicity, all concluding events relied on for an entitlement to fees are referred to herein as "HODs".

As will be demonstrated, the complaint is fatally deficient in a variety of respects. First, the claims aggregated herein have been misjoined, in violation of Fed. R. Civ. P. 20. They share neither the same transaction nor a common question, as required by the Rule.

Second, even if the Court were to find the complaint's aggregation of claims proper under Rule 20, the complaint fails to set forth the necessary assertions to support a cause of action as to any of the claims. While IDEA requires a plaintiff seeking attorneys' fees to establish that he/she was a prevailing party, and that the fee amounts requested are reasonable, the complaint asserts nothing with respect to the individual administrative proceedings showing that indeed Plaintiffs were prevailing parties, or that suggest that the individual amounts sought are reasonable (or have not already been paid). Indeed, the only paper associated with the complaint -- an "Appendix A" tabulation -- contains summary figures and characterizations that conflict with the body of the complaint, and which are, by virtue of a random sampling by the Defendants, inaccurate. Accordingly, the complaint should be dismissed for failing to set forth assertions sufficient to support any of the 158 individual fee claims under IDEA. As a minimum alternative, the Plaintiffs should be directed to file a more definite statement under Fed. R. Civ. P. 8. For the Defendants are unable reasonably to answer the complaint in its current form.

Third, assuming that the complaint is otherwise adequate, and based on some of the complaint Appendix A figures, it is nonetheless clear that the claims herein are untimely. Based on the Circuit Court's decisions in *Kaseman v. Dist. of Columbia*, 444 F.3d 637, 641 (D.C. Cir. 2006) and *Jester v. Dist. of Columbia*, 474 F.3d 820 (D.C. Cir. 2007), the Plaintiffs had 90 days from the conclusion of the administrative proceedings involved within which to file their attorneys' fees actions with the Court. And none satisfies that limitation period.

Finally, even if all of the above deficiencies noted above are disregarded, Defendants

Fenty and Rhee – named as Defendants in their official capacities – are neither proper nor

necessary parties in this action.  And the claims herein asserted as to them must be dismissed.

**DISCUSSION**

I.     **Standard of Review.**

      A.     **Lack of subject matter jurisdiction.**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) presents a threshold challenge to the

court's jurisdiction.  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735

(D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001); *see also* 4 Wright & Miller: Federal Prac.

& Proc. § 1350 (R12)(2002 Supplement) ("…subject matter jurisdiction deals with the power of

the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an

affirmative obligation to ensure that they are acting within the scope of their jurisdictional

power.")

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1),

the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.  *Shuler*

*v. United States*, 448 F. Supp. 2d 13, 17 (D.D.C. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 561 (1992).  While factual allegations contained in the complaint must be accepted as true

when reviewing a motion to dismiss under Rule 12(b)(1), *Leatherman v. Tarrant County*

*Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), a court may consider

material outside of the pleadings when determining whether a plaintiff has established

jurisdiction to hear the case.  *Venetian Casino Resort v. EEOC*, 409 F.3d 359, 366 (D.C. Cir.

2005).

    B.    **Failure to state a claim**.

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). For many years, the standard of review in determining the sufficiency of a complaint, when faced with a motion to dismiss, was that set forth by the Supreme Court in *Conley v. Gibson,* 355 U.S. 41 (1957): "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557-559 (2007), the Supreme Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Twombly*, 550 U.S. at 561-62. The Court concluded that, although it is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted), a plaintiff nevertheless must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-64 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [ ] would entitle him to relief").

This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 500 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 500 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration marks omitted).  In short, the complaint's facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 557.

Moreover, in resolving a Rule 12(b)(6) motion, although the allegations in the complaint must be taken as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.  Where a complaint is conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

Thus, a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 557.  Rather, the Supreme Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949; *Twombly,* 550 U.S. at 557.  Under this standard, the instant complaint must be dismissed.

**II.**   **The claims of all but the lead Plaintiff should be dismissed as improperly joined.**

The standard for severance under Fed. R. Civ. P. 21 involves the two-prong joinder test under Fed. R. Civ. P. 20(a)(1)(A)-(B).[2]  Pursuant to Rule 20(a)(1)(A)-(B), multiple plaintiffs may join together in one action only if:

> (A)  they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>
> (B)  if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B) (emphasis added).

If the Court finds that a party is misjoined (i.e., has not satisfied one or both of the conditions of Rule 20(a)(1)(A)-(B)), the Court will not dismiss the case, but will instead remedy the misjoinder by "severance of the claims brought by the improperly joined party." *Grant v. Salem,* 226 F.R.D. 1, 2 (D.D.C 2004); *see also Brereton v. Communications Satellite Corp*., 116 F.R.D. 162, 163 (D.D.C. 1987).

**A.**   **The Plaintiffs' claims do not arise out of the same transaction, and thus must be severed.**

A "common transaction" for purposes of Rule 20(a)(1) is not established merely when parties engaged in similar types of behavior, but were otherwise unrelated, had acted independently of each other, and the complaint had not alleged the parties acted in concert or conspiracy.  *U.S. ex rel. Grynberg v. Alaskan Pipeline Co*., 1997 WL 33763820, at *1-2 (D.D.C. 1997); *Nassau County Assoc. of Ins. Agents v. Aetna Life & Casualty*, 497 F.2d 1151 (2d Cir.1974).

---

[2]   This approach is in accord with the law of this jurisdiction.  *Brereton v. Communications Satellite Corp*., 116 F.R.D. 162, 163 (D.D.C. 1987) (following the approach of several other Circuits that had analyzed misjoinder under Rule 21 by applying the preconditions for permissive joinder of parties in Rule 20(a)); *Grant v. Salem*, 226 F.R.D. 1, 2 (D.D.C 2004) (granting the defendants' motion to sever under Rule 21 because individual surgeries performed over a period of fifteen months, under varying circumstances including each plaintiff's unique medical history, and with different results, could not be considered part of the same series of transactions or occurrences for purposes of Rule 20(a)(1)).

The similarity of parties' actions may speak to the *second* prong of Rule 20(a)'s test -- "common questions of law or fact" -- but it does not speak to the first prong. *Nassau County Assoc. of Ins. Agents*, 497 F.2d at 1151 (refusing to join 164 insurance companies accused on antitrust violations because there was "no allegation of conspiracy or other concert of action"); *Cohen*, 59 F.R.D. 84 (refusing to join eleven banks allegedly engaged in usury because the actions were independent of one another); *United States v. Mississippi*, 380 U.S. 128 (1965) (upholding joinder of independent county voting boards because the boards denied civil rights pursuant to a state-wide policy).

This Court recently rejected the joinder of five unrelated administrative appeals in another IDEA case, *Battle v. District of Columbia*, Civ. No. 08-1449 (D.D.C. Apr. 29, 2009) (copy attached as Ex. 1). Although the plaintiffs in *Battle* were appealing their respective HODs, rather than requesting fees, the Court's analysis of Rule 20 is instructive. Ex. 1, p. 1. Specifically, the Court concluded that, because each plaintiff was challenging a separate HOD, issued by a separate hearing officer, and involving a separate IDEA eligible student (with a unique disability classification and needs), Ex. 1, pp. 1-4, the plaintiffs' claims were misjoined:

> There are no facts alleged in the complaint, such as the existence of a written policy similarly affecting each plaintiff's case, that support the plaintiffs' argument that their claims are somehow logically related in a manner akin to a "pattern or practice" race discrimination case. *See, Montgomery v. STG Intern., Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008). The claims therefore do not satisfy Fed. R. Civ. P. 20(a)(1)(A) and are improperly joined. Nor are these cases "related" under LCvR 40.5(a)(3). If the case were allowed to proceed in its current omnibus form, the defendant would be prejudiced by a joint trial. *See, Disparte v. Corp. Executive Bd.,* 223 F.R.D. 7, 15 (D.D.C. 2004).

Ex. 1, p. 4. Accordingly, the *Battle* Court severed the claims of the four remaining plaintiffs from the lead plaintiffs' and ordered that they would be "dismissed unless, within 30 days of the date of this order, they are refiled as separate actions." Ex. 1, p. 5. The Court further ordered

that the severed plaintiffs would have to pay separate filing fees, but that their claims would relate back to the filing date of the original case.  Ex. 1, pp. 5-6.

Here, the fee requests involved depend on *separate* evidence -- namely, separate HODs, accompanied by a separate invoice describing work done only for that particular Plaintiff.  Each fee claim involves different Hearing Officers, who conducted hearings on differing dates, resulting in different HODs.  The HODs each involve separate facts and legal issues, and each affects a separate student, with unique needs and circumstances.  Although each Plaintiff is asserting entitlement to fees under the IDEA as a prevailing party, common questions of law do not constitute a common transaction or occurrence for purposes of Rule 20(a), as discussed above.

The character of evidentiary showings required for an IDEA fees claim underscores the uniqueness of such claims.  For each IDEA fee claim, the Court must determine whether each Plaintiff has met the required elements for awarding fees under Section 1415(i)(3)(B) of the IDEA: (1) whether the parent of a child with a disability is entitled to the award as a "prevailing party;" (2) whether the invoice entries are both appropriate and adequately documented; and (3) whether the billing rates are reasonable.  20 U.S.C. § 1415(i)(3)(B); *Blum v. Stenson*, 465 U.S. 866, 896 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 968 (D.C. Cir. 2004).

As to the first element, documents required of Plaintiffs under Section 1415(i)(3)(B) of the IDEA will include copies of the HODs on which the claim is based.  However, there is no commonality among the 158 administrative proceedings involved.  And the complaint lacks any allegations that the Hearing Officers somehow acted in concert or conspiracy with each other.

In sum, the factual and legal differences between each claim defeat any possibility of establishing a common transaction or occurrence for purposes of Rule 20(a). The only commonality between the Plaintiffs is their common counsel -- the Tyrka law firm -- and the fact that each seeks attorneys' fees. But because Plaintiffs cannot satisfy the common transaction or occurrence test of Rule 20(a), they are misjoined for purposes of Rule 21, and this Court should dismiss, without prejudice, the claims of all but the lead Plaintiff. The dismissed Plaintiffs may then bring separate actions, subject to timely filing requirements.

**B.      The Plaintiffs' claims do not present a common question, and thus must be severed.**

It is true that each Plaintiff is asserting entitlement to fees under the IDEA as a prevailing party. However, Rule 20(a)(1)(B)'s "common question" requirement cannot be satisfied by phrasing the issue of fact or law broadly enough to cover a number of distinct, if not unrelated, questions of fact and law that implicate different evidentiary presentations. *Nassau County Assoc. of Ins. Agents*, 497 F.2d at 1151; *Cohen*, 59 F.R.D. 84; *United States v. Mississippi*, 380 U.S. at 128; *Battle*, Civ. No. 08-1449.

For example, to establish "prevailing party" status, each Plaintiff must demonstrate that his or her HOD provided such relief as to constitute a change in the legal relationship between the parties. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2001) (defining a prevailing party as one who obtains a judicially sanctioned change in the legal relationship of the parties, such as a judgment on the merits); *Davy v. CIA*, 456 F.3d 162, 164 (D.C. Cir. 2006). Accordingly, in support of their legal assertion of "prevailing party" status, each Plaintiff relies on separate, rather than common evidence -- separate HODs, issued by separate Hearing Officers, on separate dates, concerning different students. As in the *Battle* case, the Complaint lacks any allegations that the Hearing Officers

somehow acted in concert or conspiracy with each other.  Therefore, the legal determination of each Plaintiff's prevailing party status and entitlement to fees would also be a separate determination.

Moreover, as a matter of policy, were the Plaintiffs' claims to remain joined in this action, no legal objection would remain to any arbitrary grouping of fee claims the Tyrka firm might choose.  For its convenience, the Tyrka firm might simply file a fees action comprised of its total calendar year submissions, perhaps involving thousands of pages of exhibits.

In sum, the factual and legal differences between each claim defeat any possibility of establishing a common transaction or common question for purposes of Rule 20(a)(1)(A)-(B).  Therefore, the all of the claims, save the first, must be dismissed as misjoined.

III.     **This Court should dismiss the complaint for failure to state a claim because it is facially deficient.**

A.     **The claims should be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim under 20 U.S.C. § 1415(i)(3)(B).**

As discussed above, entitlement to attorneys' fees under the IDEA is dependent, among other things, on prevailing party status.  20 U.S.C. § 1415(i)(3)(B); *Blum*, 465 U.S. at 896 n.11; *Hensley*, 461 U.S. at 437; *Role Models America, Inc.*, 353 F.3d at 968.

Here, while it appears that 158 different claims are asserted, the complaint is devoid of any specific allegations to establish prevailing party status.  For example, the complaint's Appendix A purports to set out claim-by-claim information, yet it contains no information concerning the disposition of any individual administrative proceeding.

Moreover, to the extent a Plaintiff's administrative proceeding was concluded by virtue of a voluntary settlement of the parties, *Buckhannon* established that such a conclusion would not confer "prevailing party" status -- and entitlement to attorneys' fees.  *Buckhannon Bd. &*

*Care Home, Inc.*, 532 U.S. at 605.[3]  Here, while paragraphs 10-11 of the complaint generally assert that all of the claims are based on the conduct of administrative hearings in which the Plaintiffs were prevailing parties, those blanket assertions are inconsistent with the complaint's Appendix A, which contains only one arguably relevant column, entitled "HOD/SA Date," presumably referencing either a Plaintiff's HOD or Settlement Agreement.  Accordingly, the complaint on its face suggests that, at least in some instances (yet to be disclosed), one or more Plaintiffs in this case -- those who terminated their administrative proceedings by virtue of a voluntary settlement agreement -- are not prevailing parties entitled to attorneys' fees under the IDEA.

Other portions of the complaint and Appendix A also confirm the inadequacy or inaccuracy of the blanket claims made therein.  For example, the complaint alleges a history of DCPS reimbursing the Tyrka firm at Laffey rates, which has never been the case, given that

---

[3]     In *Buckhannon,* the Supreme Court ruled that statutory provisions allowing the award of attorneys' fees to "prevailing parties" do not apply where litigation has been terminated by agreement of the parties. *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605.  Specifically eschewing the so-called "catalyst theory," the Court ruled that some form of "judicial imprimatur" was required to establish "prevailing party" status:

> Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party."  The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

532 U.S. at 600. Indeed, the Court specifically distinguished settlement agreements from the types of judicial actions needed to establish "prevailing party" status: "Private settlements do not entail the judicial approval and oversight involved in consent decrees."  *Id*. at 604, fn.7.

In this jurisdiction, the Circuit Court has held that the *Buckhannon* ruling is directly applicable to IDEA.  In *Alegria v. District of Columbia*, 391 F.3d 262 (D.C. Cir. 2004), the Court held that, where settlements were reached prior to administrative hearings on special education issues, parties to such settlements were not "prevailing parties" entitled to attorneys' fees under IDEA.  As summarized in *Smith v. District of Columbia*, 2004 U.S. App. LEXIS 24979 **2 (D.C. Cir. 2004), decided the same day:

> As we explain in *Alegria v. District of Columbia*, No. 02-7126 (D.C. Cir. Dec. 3, 2004), issued today, plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not "prevailing parties" entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B). . . .

DCPS' fee guidelines are lower than Laffey rates.[4]  Similarly, although Appendix A contains an

"Outstanding Amount" column, the complaint is deficient of any allegations regarding the

original invoiced amount -- and DCPS' disposition of -- those submitted claims (e.g., full

payment, partial payment, or refusal).[5]  Finally, if any of the claims are based on allegations that

DCPS has failed to satisfy a settlement agreement's provision for payment of attorneys' fees,

such a claim -- basically a contract dispute/enforcement action -- would be properly brought in

the D.C. Superior Court, rather than this Court.[6]  *See, e.g., Bowman v. District of Columbia*, 2006

U.S. Dist. LEXIS 53467 (D.D.C. 2006).

> **B.    The claims require a more definite statement pursuant to Rules 8(a), 10(b)
> and 12(e)**.

Alternatively, if the complaint is not dismissed under Rule 12(b)(6) for the above

reasons, a more definite statement of claims under Fed. R. Civ. P. 8(a), 10(b) and 12(e) should be

required.

Rule 8(a) requires that a complaint "shall contain . . . a short and plain statement of the

claim showing that the pleader is entitled to relief."  Further, Fed. R. Civ. P. 10(b) directs that

---

[4]       Footnote 4 of the complaint states that "DCPS has a history of reimbursing Tyrka and Associates, LLC at
the rates set forth in the adjusted Laffey Matrix."  To the contrary -- and as the undersigned has informed Plaintiffs'
counsel -- DCPS has never paid Tyrka and Associates at Laffey rates, and Mr. Tyrka himself is aware of that. *See,
e.g.,* Ex. 2 (July 7, 2006 to Mr. Tyrka from DCPS), in which DCPS' assigned hourly rates for Mr. Tyrka are
consistent with DCPS' fee guidelines, which are lower than Laffey rates.  Ex. 3, p. 3 (DCPS fee guidelines).

[5]       The "Outstanding Amount" figures in Appendix A of the complaint also appear inaccurate.  Based on an
independent check of available DCPS records, for example, while the "Outstanding Amount" identified for A.W., the
155th claim listed in Appendix A (brought by Plaintiff Sophia Williams), is $6,173.07, the actual amount
invoiced to DCPS on November 7, 2008 in that connection was $5,605.57, of which DCPS has already paid
$2,077.07.  *See* Ex. 4 (DCPS processing sheet & related invoice).

[6]       This Court has held that "a voluntary settlement agreement is a binding contract whose enforceability is
determined under state law," *Bailey v. Potter*, Civ. No. 98-2224 (D.D.C. Sept. 26, 2005) (slip op. at 5) (quoting
*Makins v. District of Columbia*, 277 F. 3d 544, 547-78 (D.C. Cir. 2002) (state contract law governed question of
enforceability of settlement agreement between District of Columbia and former employee in discrimination case.)
"The fact that federal laws and federal regulations…are implicated here…is not a sufficient basis for finding that
Bailey's contract claim 'aris[es] under the Constitution, laws or treaties of the United States." *Id.*

"[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." The complaint herein satisfies neither requirement.  Finally, Fed. R. Civ. P. 12(e) contemplates a more definite statement where a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

The fundamental problem here, of course, lies in the fact that this action is a collection of individual claims relating to 150+ different students, and involves at least 158 different administrative processes.  Each of those claims is distinct from the others. What little can be gleaned from the complaint indicates that plaintiffs concluded those processes by "prevailing in administrative hearings," while others "prevailed . . . through enforceable settlement agreements." Complaint, Appx. A, column entitled "HOD/SA Date".

Yet there is no identification of any of the specifics of any single claim by any individual plaintiff.  Instead, all such matters are indiscriminately generalized in three sentences. Complaint, ¶¶ 9-11.  That the cryptic recitations in this complaint do not satisfy the minimum requirements of Rule 8(a) is clear.  Where there are multiple parties involved in differing claims, at least the essentials of each claim must be presented.  Thus, in dismissing a complaint for failure to satisfy Rule 8(a), the court in *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988), confronted with claims against multiple defendants, concluded that the plaintiff had failed to state a claim:

> Plaintiff has not stated with any specificity how each private defendant allegedly deprived him of a right secured by the Constitution or laws of the United States. Instead, all defendants are lumped together in a single, broad allegation . . . . Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations

against them.[7]

In *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000), the Ninth Circuit

reached the same conclusion where, as here, multiple plaintiffs were involved:

> [W]hat [the complaint] seeks is individual relief for each of the plaintiffs. Each
> plaintiff's right to relief therefore depends upon proof of the operative facts giving
> rise to an enforceable right in favor of that plaintiff. . . . To comply with Rule 8
> each plaintiff must plead a short and plain statement of the elements of his or her
> claim, identifying the transaction or occurrence giving rise to the claim and the
> elements of the prima facie case. . . .

Here, there is no "short and plain statement" of the elements of each of the 158 individual

Plaintiffs' claims.  No specific information concerning the individual claims has been provided

such that Defendants can answer.  What should be directed is that plaintiffs provide a more

definite statement as to each claim, to include: (1) facts about the disposition of each separate

HOD that the fee claimant is relying on to establish "prevailing party" status; (2) facts

concerning invoices submitted to DCPS; and (3) facts relied on to establish the reasonableness of

the billing rates; (4) the disposition of each fee claim submitted to DCPS (e.g., full payment,

partial payment, or refusal).

Violation of Rule 8(a) here is indisputable.  *See Brown v. Dalton*, 1997 U.S. App. LEXIS

16364 (D.C. Cir. May 5, 1997) ("dismissal is appropriate if a complaint is so confusing that a

defendant cannot be expected to frame a response.") ( citing *Salahuddin v. Cuomo*, 861 F.2d 40,

42 (2d Cir. 1988)); *Nicol v. National Savings & Trust Co.*, 250 F.2d 36 (1957) (per curiam), *cert.

denied*, 357 U.S. 909 (1958)); *Carhart v. Smith*, 178 F. Supp. 2d 1068, 1074-75 (D. Neb. 2001).

---

[7]      *See also Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996):

> [T]he Defendants assert that the Third Cause of Action is sorely lacking in specificity. The Court
> agrees. Fed. R. Civ. P. 8(e) requires that "each averment of a pleading shall be simple, concise,
> and direct. . . . The Plaintiffs have named 15 Individual Defendants in their Complaint, yet the
> Complaint fails to spell out any factual allegations as to specific incidents of deprivation
> chargeable to any of the individual Defendants. Instead, the Complaint refers to conclusory
> allegations as to the Department as a whole . . . .

Neither does the complaint satisfy the requirements of Rule 10(b). Here, too, the

words of the Ninth Circuit in *Bautista*, *supra*, apply squarely in this case:

> . . . [E]ach plaintiff's claim being founded upon a separate transaction or
> occurrence, it is properly "stated in a separate count . . . [because] a separation
> facilitates the clear presentation of the matters set forth."  Fed. R. Civ. P. 10(b);
> James Wm. Moore, et al., Moore's Federal Practice, § 10.03[2][a] (3d ed. 1997).
> "Separate counts will be required if necessary to enable the defendant to frame a
> responsive pleading or to enable the court and the other parties to understand the
> claims." Moore's, § 10.03[2][a]. Courts have required separate counts where
> multiple claims are asserted, where they arise out of separate transactions or
> occurrences, and where separate statements will facilitate a clear presentation.
> Wright & Miller, Federal Practice and Procedure: Civil 2d § 1324.  In such cases,
> separate counts permit pleadings to serve their intended purpose to frame the issue
> and provide the basis for informed pretrial proceedings. "Experience teaches that,
> unless cases are pled clearly and precisely, issues are not joined, discovery is not
> controlled, the trial court's docket becomes unmanageable, the litigants suffer, and
> society loses confidence in the court's ability to administer justice." *Anderson v.
> District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Erone Corp.
> v. Skouras Theatres Corp*., 19 F.R.D. 299, 300 (S.D.N.Y. 1956) (Weinfield, J.)
> (directing filing of an amended complaint stating the claims of each plaintiff in a
> separate count, among other reasons because "there may be defenses available to
> the defendants which are applicable to one or more plaintiffs but not to the
> others").

*Bautista,* 216 F.3d at 840-41. On its face, the complaint indicates that each of the Plaintiffs'

claims is "founded upon a separate transaction or occurrence," and that none is "stated in a

separate count." Violation of Rule 10(b) is indisputable.

Finally, a Rule 12(e) motion is appropriate "when the opposing party cannot respond,

even with a simple denial, in good faith, without prejudice to himself."  5 C. Wright & A. Miller,

Federal Practice and Procedure, § 1376 (1990) (citing *Hicks v. Arthur*, 843 F. Supp. 949, 954

(E.D. Pa. 1994). As indicated earlier, the complaint here is so incomplete and non-specific that

the Defendants cannot frame a meaningful response.  Indeed, given the complaint's summarily

combining so many factually different bases for individual claims in three sentences, the

Defendants cannot even respond in good faith with a simple denial without prejudice to themselves.  Where particular Plaintiffs are claiming "prevailing party" status under IDEA based on settlement agreements, for example, the Defendants' response will depend on the nature and

context of the agreement, and its relationship to the particular administrative processes involved, in light of *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001).  *See Abraham v. District of Columbia*, No. 01-0027 (D.D.C., Order dated Sep. 27, 2001, pp. 2-3).

Moreover, to be entitled to any fee reimbursement, plaintiffs must also demonstrate that the amounts requested are reasonable.[8]  To be sure, a complaint for fees need not contain all the information to prove the reasonableness of the claim.  However, the complaint here is silent on the amount of any earlier submissions of the same claims to DCPS, and as to the disposition (full payment, partial payment, refusal) and amount of reimbursement already received.  Compl., Appx. A.  The Defendants' responses to the Plaintiffs' claims are dependent on an awareness of such elemental matters.  Thus, a violation of Rule 12(e) is indisputable.

## IV.   Based on the complaint's Appendix A, all claims should be dismissed as untimely.

The IDEA provides that parties who "prevail" at the administrative level may bring a claim for attorneys' fees, but it does not provide a limitations period for such an action.  20 U.S.C. §1415(i)(3)(A).  However, two recent decisions by the D.C. Circuit -- *Kaseman v. Dist. of Columbia*, 444 F.3d 637, 641 (D.C. Cir. 2006) and *Jester v. Dist. of Columbia*, 474 F.3d 820 (D.C. Cir. 2007) -- provide guidance that attorneys' fees claims should be governed by the 90-

---

[8]     *See Blum v. Stenson*, 465 U.S. 866, 896 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Covington V. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996); *Smith v. Roher*, 954 F. Supp. 359, 365 (D.D.C. 1997).

day limitations period provided by Section 1415(i)(2)(B) of the IDEA applicable to substantive HOD appeals, calculated from the date of the HOD's issuance.[9]

Jester and Kaseman did not specifically address the applicable limitations period for IDEA fee claims. Rather, they concerned the propriety of the $4,000 cap on IDEA fee payments applicable in the District of Columbia pursuant to versions of the District of Columbia Appropriations Act. However, because this fee cap only applies in the District of Columbia, the D.C. Circuit had to determine whether an administrative due process hearing and the subsequent claim for attorneys' fees brought in the district court comprised the same "action" for the purposes of the fee cap.

Significantly, both Kaseman and Jester concluded that that IDEA fee claims are ancillary to the underlying education disputes at the administrative level. Kaseman, 444 F.3d at 642 (concluding that, because "the parents' entitlement to fees arises out of the same controversy and depends entirely on the administrative hearing for its existence," claims for IDEA attorneys' fees were "part of the same action as the underlying educational dispute"); Jester v. Dist. of Columbia, 474 F.3d 820 (D.C. Cir. 2007) (holding that judicial review of a HOD brought under § 1415(i)(2) is a "continuation of the same controversy" as the underlying administrative

---

[9]     At the conclusion of a due process hearing, any party "aggrieved by" the hearing officer's decision (HOD) may appeal it by bringing a civil action, in either state or federal court, within 90 days of the decision's issuance. 20 U.S.C. § 1415(i)(2).

proceeding).[10]

In rejecting the argument that a fee claim should be treated as a "separate action," the *Kaseman* Court stated that "the practical consequences of this view undermine its plausibility." *Kaseman*, 444 F.3d at 642. Specifically, the Court noted that if the claims were held to be separate, parents who prevail at the administrative level, and who then bring a separate claim for fees in federal court, would be able to recover an additional $4,000 in fees; whereas, parents who lose at the administrative level, and then win on appeal before the district court, would find their entire case subject to a one-time fee cap of $4,000. *Id.*

Similarly, in overturning the district court in *Jester* -- which had held that "the federal lawsuit is a separate and distinct action from the earlier administrative proceedings," *Jester v. Dist. of Columbia*, Civ. No.03- 1886-GK (D.D.C. Nov. 11, 2005) (Order granting award of attorneys' fees and costs) -- the D.C. Circuit concluded: "because litigation over fees 'arises out of the same controversy and depends entirely on the administrative hearing for its existence,' fees-on-fees litigation is part of the same action as the IDEA administrative hearing." *Jester*, 474 F.3d at 821 (quoting *Kaseman*, 444 F.3d at 642). The *Jester* decision further explained:

---

[10]     The Defendants acknowledge conflicting authority from this jurisdiction's District Courts regarding whether fee claims were ancillary to, or independent of, the substantive IDEA proceeding. For example, in *Akinseye v. District of Columbia*, 193 F. Supp. 2d 134, 143 (D.D.C. 2002) -- in a ruling it acknowledged to be novel in this jurisdiction, the District Court held that IDEA attorneys' fee actions were independent of, rather than ancillary to, substantive IDEA actions, and "borrowed" a "catch-all" 3-year limitations period, relying on *Zipperer v. School Board of Seminole County, Florida*, 111 F.3d 847 (11th Cir. 1997); *but see Abraham v. District of Columbia*, 338 F. Supp. 2d 113 (D.D.C. 2004) (holding that fee claims are ancillary to underlying disputes before administrative agencies, and applying the same thirty-day statute of limitations to both).

The Defendants believe those lower court opinions have been superseded by the D.C. Circuit's *Jester* and *Kaseman* decisions. The *Akinseye* court also based their holding in part on the belief that a longer limitations period for fee claims "would promote greater attorney representation of parents and their children in IDEA proceedings." *Akinseye*, 193 F. Supp. 2d at 144. However, as the courts in *Powers* and *King* noted, the decision to retain counsel has already been made by the time the party prevailing at the administrative level brings a claim for fees in the district court. *Powers*, 61 F.3d at 558; *King v. Floyd*, 228 F.3d 622 (6th Cir. 2000). Furthermore, as courts have noted, "the attorney's interest in prompt payment" is likely to, in practice, abrogate the effect of a short limitations period on bringing fee claims. *See, e.g., Armstrong v. Vance*, 328 F. Supp. 2d 50, 55 (D.D.C. 2004).

> If an administrative hearing and *ancillary fee litigation* are one action, an administrative proceeding and the judicial proceeding that follows must also be one action. The judicial aspect of the action is a continuation of the same controversy, although the administrative process may have refined the issues.

*Jester*, 474 F.3d at 821-22 (quotation marks and citations omitted; emphasis added).

The overwhelming majority of other jurisdictions addressing this matter have also held that actions for fees are properly considered ancillary to the review of administrative decisions on placement, and are governed by the limitations period applicable to judicial review of substantive administrative decisions. *E.g., King v. Floyd*, 228 F.3d 622 (6th Cir. 2000); *Powers v. Indiana Department of Education*, 61 F.3d 552, 555 (7th Cir. 1995); *Reed v. Mokena School Dist. No. 159*, 41 F.3d 1153 (7th Cir. 1994); *Dell v. Board of Education*, 32 F.3d 1053 (7th Cir. 1994); *Aman v. Town of Stow*, 991 F.2d 929 (1st Cir. 1993); *Mayo v. Booker*, 56 F. Supp. 2d 597 (D. Md. 1999); *Wagner v. Logansport Community School Corp.*, 990 F. Supp. 1099 (N.D. Ind. 1997).

A 90-day limitations period for fees actions also seems undeniably reasonable given that parties that prevail in federal district court litigation are only provided a mere 14 days to request attorneys' fees under Fed. R. Civ. P. 54(d)(2)(B).  The Sixth Circuit, in the above-cited *King* case, made the same point:

> The *Powers* court found 30 days to be 'acceptable,' *id.*, and we think it is acceptable too. We are strengthened in this view by the thought that if the plaintiffs had not prevailed on the underlying educational issues until the judicial review stage, they would have had **only 14 days after the entry of judgment within which to move for attorney fees**. See Rule 54(d)(2)(B), Fed. R. Civ. P. Thirty days does not seem too stingy by comparison . . . .

*King*, 228 F.3d at 627.[11]

In applying the 90-day period, the DCPS Fee Guidelines must be taken into account.  The Guidelines, reflecting the requirements of District Municipal Regulations (CDCR 5-3032), direct that fee requests under IDEA be submitted to DCPS within 45 days of an HOD's issuance.  Ex. 3, p. 4.  The Guidelines further provide that, while DCPS will endeavor to act on invoices submitted within 60 days, fee requests may be deemed denied if DCPS takes no action within 90 days of invoice submissions.  *Id*.  If parties timely submit invoices to DCPS, it would be reasonable to conclude that the 90-day limitations period would be tolled until either DCPS acted on the submitted invoices, or until 90 days after such a submission were made, whichever is earlier.  At that point, the 90-day limitations period for court filings would have begun.

Here, however, as shown by the complaint's Appendix A -- which contains columns itemizing the dates of the HODs' issuances and when Plaintiffs submitted their fee claims to DCPS -- none of the reimbursement claims was submitted to DCPS within the 45 day period after the corresponding HOD's issuance.  Compl., Appx. A.  Indeed, a quick glance at these columns reveals that, in many instances, Plaintiffs submitted their reimbursement requests to DCPS well over a year after the applicable HOD's issuance.  *Id*.  Moreover, none of the claims here was filed with the Court either within 90 days of the HOD relied on, or within 90 days of DCPS actions on submitted invoices.

---

[11]      A brief survey of other fee statutes reveals similarly short limitations periods.  *See, e.g.,*  Fed. R. App. P. 39(d) (bill of costs to be filed within 14 days after entry of judgment); D.C. Circuit Rule 39(d) (statement of costs to be filed within 14 days of entry of judgment); Fed. R. Civ. P. 54(d)(2)(B) (fee motion to be filed within 14 days after entry of judgment); LCvR 54.2 (if fee request is deferred to permit parties' negotiations, entry of order of fees "ordinarily not more than 60 days" after entry of judgment); Superior Court Rule 54(d)(2)(B) (fee motion to be filed within 14 days after entry of judgment); Equal Access to Justice Act 28 U.S.C.S. 2417 (fee petition must be filed within 30 days); CDCR 1-2941.1 (motions for award of attorneys' fees in rental housing cases filed within 10 days of service of final order); CDCR 4-213.7 (petition for attorneys' fees under the Human Rights Act of 1977 must be filed no later than  30 days after final decision).

The Tyrka firm's knowledge of DCPS' Fee Guidelines (attached as Defs.' Ex. 3) is indisputable, given the firm's previous dealings with DCPS, as well as the Plaintiffs' reference to the Guidelines' 90-day "deemed denied" period in paragraph 15 of their complaint.[12]  Those Guidelines provide that a fee claimant may submit a reimbursement request to DCPS within 45 days of the HOD's issuance.  Ex. 3, p. 4.  Had Plaintiffs chosen to timely avail themselves of DCPS' administrative reimbursement process by submitting their claims to DCPS within 45 days, it would have tolled Section 1415(i)(2)(B)' 90-day limitations period.   However, none of the Plaintiffs in this case did so.

Because a fee claim is ancillary to the underlying administrative litigation, it is therefore subject to the 90-day limitations period governing substantive appeals.  *Jester*, 474 F.3d at 821; *Kaseman*, 444 F.3d at 642.  Moreover, Section 1415(i)(2) expressly states that its 90-day limitations period is calculated from the date of the HOD's issuance.   Because Plaintiffs did not timely avail themselves of the administrative fee procedure provided by DCPS, the 90-day limitations period for bringing a fee claim in the District Court was not tolled, and runs from the issuance dates of the HODs.  Therefore, because Plaintiffs failed to timely file their claims with this Court within 90 days after the HODs were issued -- and in many instances, did not bring their fee claims until several years after the HOD was issued or DCPS action on submitted invoices -- all of Plaintiffs' claims must be dismissed as untimely.

## V.    **Defendants Michelle Rhee and Adrian Fenty are not proper parties in interest**.

To the extent Plaintiffs have stated claims under the IDEA against Defendants Michelle Rhee and Adrian Fenty, in their official capacities, they must be dismissed.

---

[12]     DCPS's 90-day "deemed denied" period provides that a fee claimant may deem his or her claim denied if DCPS has not acted within 90 days of the claim's submission to DCPS. Ex. 3, p. 4.  Here, Plaintiffs reference that provision in paragraph 15 of the complaint, which states: "Prior to 90 days before the filing of this complaint, Plaintiffs . . . timely submitted their timesheets and invoices for reimbursement . . . .  These invoices remain outstanding."  Compl, ¶ 15.

When sued in their official capacities, government officials are not personally liable for damages. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself. *Graham*, 473 U.S. at 165-66; *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996); *Gill v. District of Columbia*, Civ. No. 09-1608 (D.D.C. Oct. 14, 2009) (copy attached as Ex. 3).

In the context of IDEA administrative appeals, this Court has dismissed suits against individually named officials, sued in their official capacities, for failure to state a claim. In *Hinson v. Merritt Educational Center*, 521 F. Supp.2d 22 (D.D.C. 2007), the Court dismissed IDEA claims against Mayor Fenty, leaving only the District of Columbia as a named defendant. *Hinson,* 521 F. Supp.2d at 28. In so doing, the Court noted that, because the complaint contained no allegations of actions on Mayor Fenty's part, other than the plaintiffs' assertion that Mayor Fenty was "charged with overseeing DCPS," the suit was "effectively one against the District of Columbia." *Id*.

Similarly, in *Nguyen v. District of Columbia*, Civ. No. 09-0189 (D.D.C., Aug 17, 2009), a case involving the plaintiffs' appeal of a Hearing Officer's Determination ("HOD") issued pursuant to the IDEA, this Court granted the defendants' motion to dismiss all claims against Michelle Rhee and the Office of the State Superintendent of Education, thus leaving only the District of Columbia as a named defendant. Ex. 5 (Aug. 17, 2009 Minute Order).

Likewise, in *Farrell v. District of Columbia*, Civ. No. 09-0931 (D.D.C. Oct. 2, 2009), a case for attorneys' fees claims under the IDEA, the Court granted the defendants' motion to dismiss Ms. Rhee as a named defendant, leaving only the District of Columbia as a named defendant, after concluding that a suit against a District of Columbia official sued in her official

capacity is effectively a suit against the District of Columbia.  Ex. 6, at p. 2 (Oct. 2, 2009 Mem. Opinion and Order).

Again, in *Gill v. District of Columbia*, Civ. No. 09-1608 (D.D.C. Oct. 14, 2009), a case involving the plaintiffs' appeal of an HOD denying their request for compensatory education under the IDEA, this Court granted the defendants' motion to dismiss Chancellor Michelle Rhee as a defendant, concluding that the District of Columbia was the real party in interest and that the plaintiffs' claims against Chancellor Rhee, in her official capacity, were redundant.  Ex. 7 at pp. 2-3 (Oct. 14, 2009 Mem. Opinion and Order).

Courts in other jurisdiction have also dismissed official capacity claims under the IDEA against individual defendants.  In *C.N. v. Willmar Public Schools*, 2008 WL 3896205, at *2 (D. Minn., Aug. 19, 2008), the plaintiffs, appealing an administrative decision under the IDEA, named not only the local educational authority ("LEA") as a defendant, but also the school principal, the board of education chairperson, the superintendent, and the LEA's supervisor for special education programming.  *C.N.*, 2008 WL 3896205, at *2.  The Court dismissed all official capacity claims against the individual defendants on the ground of redundancy, concluding that:

> An official capacity suit is "in all respects other than name, to be treated as a suit against the entity"- in this case, the District.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Because plaintiffs have already included the District as a defendant, plaintiffs' IDEA claims against the individual defendants are redundant.

*C.N.*, 2008 WL 3896205, at *3.

In *Blunt v. Lower Merion School Dist.*, 559 F. Supp. 2d 548, 567-68 (E.D. Pa. 2008), the Court dismissed the official capacity claims under the IDEA against the individual defendants, concluding that, because each official was a representative of one of the already named

government entities, any claim against them in their official capacities was redundant and served

only to complicate the litigation unnecessarily:

> This court has determined repeatedly that when a suit against individual
> defendants would be duplicative of those against a government entity, which is
> also sued, the claims against the individuals should be dismissed as the
> government entity is the real party in interest . . . .  This court has also
> specifically determined that claims asserted against school board members and
> school district employees in their official capacities are to be treated as claims
> against the school district and school board respectively as the entities that
> employ the individuals . . . .  Further, defendants Lower Merion School District,
> Lower Merion School Board and the Commonwealth Department of Education
> admit that the individuals named are their official representatives.  The non-
> individual defendants do not seek to avoid liability by removing these individual
> defendants but instead acknowledge that any wrongdoing by those individual
> defendants is attributable to them.

> We agree that the naming of the individual defendants in this case is
> redundant. Suing such individuals in their official capacities is the functional
> equivalent of suing the government entity which those individuals serve.  As
> plaintiffs themselves concede, "official-capacity suits generally represent only
> another way of pleading an action against an entity of which an officer is an
> agent."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56
> L.Ed.2d 611 (1978).  In eliminating the redundant claims against individually
> named persons, the court is merely simplifying the litigation in a way that does
> not cause any prejudice to plaintiffs.

> Accordingly, we will dismiss the individually named School District and
> Commonwealth defendants.

*Blunt*, 559 F. Supp. 2d at 568.

In *R.P. v. Springdale School Dist.*, 2007 WL 552117 (W.D. Ark. Feb. 21, 2007), the

Court concluded that "plaintiffs' claims against the school officials in their official capacities are

subject to dismissal because they are redundant to their claims against the District."  *R.P.*, 2007

WL 552117, at *6.

In *Yamen v. Bd. of Educ. of Arlington Cent. School Dist.*, 909 F. Supp. 207, 210-211

(S.D.N.Y. 1996), the Court dismissed the official capacity claims under the IDEA against the

Commissioner for failure to state a claim, concluding that the Commissioner could not be held liable for general supervisory violations over the particular school system.

Here, the Complaint fails to identify any specific actions by Ms. Rhee or Mr. Fenty. Compl. ¶¶ 8-23.  Rather, the Complaint contains only requests for attorneys' fees under the IDEA, arising from administrative litigation.   Plaintiffs further failed to articulate any additional relief that may be obtained by naming Ms. Rhee and Mr. Fenty as defendants, or why it is not a redundancy, given that the District of Columbia is already a named Defendant. *Graham*, 473 U.S. at 166; *Atchinson*, 73 F.3d at 422.

Therefore, after construing the allegations in Plaintiffs' Complaint under either the *Conley* or *Twombly* or *Iqbal* standards, it is clear that Ms. Rhee and Mr. Fenty are not proper (or, at a minimum, are not necessary) parties to this suit, and any claims against Ms. Rhee and Mr. Fenty must be dismissed.

## **CONCLUSION**

Accordingly, for cause shown, the Defendants respectfully request that this Honorable Court dismiss all claims, save the first, as improperly joined; dismiss the individually named Defendants; and dismiss all claims in this action that are untimely.

.                                                 Respectfully submitted,

                                                  PETER J. NICKLES
                                                  Attorney General for the
                                                  District of Columbia

                                                  GEORGE C. VALENTINE
                                                  Deputy Attorney General
                                                  Civil Litigation Division

                                                  */s/ Edward P. Taptich_____*
                                                  EDWARD P. TAPTICH [012914]
                                                  Chief, Equity Section II

/s/ *Richard A. Latterell*
RICHARD A. LATTERELL [502127]
Assistant Attorney General
Civil Litigation Division
Equity Section II
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626 (telephone)
(202) 715-7820 (facsimile)

November 25, 2009                     Richard.latterell@dc.gov