## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KATINA DAVIDSON *et al.*,      :
      :
      Plaintiffs,      :      Civil Action No.:      09-1283 (RMU)
      :
      v.      :      Re Document No.:   6
      :
DISTRICT OF COLUMBIA *et al.*,      :
      :
      Defendants.      :

## <u>MEMORANDUM OPINION</u>

GRANTING THE DEFENDANTS' MOTION TO SEVER; GRANTING IN PART AND DENYING IN PART
THE DEFENDANTS' FIRST MOTION TO DISMISS; HOLDING IN ABEYANCE THE DEFENDANTS'
SUPPLEMENTAL MOTION TO DISMISS PENDING THE SUBMISSION
OF ADDITIONAL EVIDENCE BY PLAINTIFFS' COUNSEL

## I. INTRODUCTION

The plaintiffs in this action are the parents of eighty-five disabled students who allegedly

prevailed in 158 separate administrative proceedings brought under the Individuals with

Disabilities Education and Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* Through this

action, they seek to recover attorney's fees and costs incurred during those administrative

proceedings. This matter is now before the court on the defendants' motion to sever, first motion

to dismiss[1] and supplemental motion to dismiss. In their motion to sever, the defendants seek the

severance of all the claims save those brought by the first-listed plaintiff, arguing that the

additional claims are unrelated and therefore improperly joined. The defendants contend in their

first motion to dismiss that the complaint fails to state a claim for which relief can be granted and

---

[1] The defendants' initial motion, titled "Defendants' Motion to Dismiss," raises arguments for severance based on the purported misjoinder of additional plaintiffs and for dismissal on other grounds. *See generally* Defs.' 1st Mot. to Dismiss ("Defs.' 1st Mot."). Because, however, the "[m]isjoinder of parties is not a grounds for dismissing an action," FED. R. CIV. P. 21, the court construes this initial motion as a motion to sever and a motion to dismiss.

that the plaintiffs' claims are time-barred.[2]  In their supplemental motion to dismiss, the

defendants argue that the complaint should be dismissed because there is significant doubt as to

whether plaintiffs' counsel commenced this action with the knowledge and consent of the

plaintiffs.

Because there is nothing to suggest that the claims of the eighty-five plaintiffs are

logically related in any way, the court grants the defendants' motion to sever and severs from the

case all claims save the claim brought by Katina Davidson, the first-listed plaintiff.  The court,

however, declines to dismiss plaintiff Davidson's claim for untimeliness or failure to state a

claim.  Finally, the court holds in abeyance the defendants' supplemental motion to dismiss

pending the submission of evidence that counsel commenced this action with the knowledge and

consent of plaintiff Davidson.


## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs in this action are the parents of eighty-five disabled students entitled to

receive special education and related services from the District of Columbia Public Schools

("DCPS").  Compl. ¶ 4.  Between 2006 and 2008, the plaintiffs commenced numerous

administrative proceedings under the IDEA, asserting that the DCPS had deprived the students of

a free and appropriate public education, as required by the IDEA.  *Id.* ¶ 1 & Ex. A.  The plaintiffs

allege that in 158 of those proceedings, an administrative hearing officer issued a final hearing

---

[2]     The defendants also argue in their first motion to dismiss that the claims against the individual
defendants – Michelle Rhee and Adrian Fenty – should be dismissed because these individuals
are not proper parties to this litigation.  *See* Defs.' 1st Mot. at 23-27.  The plaintiffs concede that
the claims against these individuals should be dismissed.  *See* Pls.' Opp'n to Defs.' 1st Mot.
("Pls.' 1st Opp'n") at 7.  Accordingly, the court grants that portion of the defendants' first motion
to dismiss as conceded and dismisses the claims against defendants Rhee and Fenty.

officer determination ("HOD") favorable to the student. *Id.* ¶ 10. Thus, the plaintiffs allege that they were the prevailing parties in those proceedings. *Id.* ¶ 11.

The IDEA authorizes the parents of a disabled child to recover reasonable attorney's fees when they are the "prevailing party" in proceedings brought under the statute. 20 U.S.C. § 1415(i)(3)(B). Accordingly, on July 10, 2009, the plaintiffs commenced this action to recover the attorney's fees and costs incurred in each of the 158 administrative proceedings. *See generally* Compl.

On November 25, 2009, the defendants filed a combined motion to sever and first motion to dismiss. *See generally* Defs.' 1st Mot. to Dismiss ("Defs.' 1st Mot."). The plaintiffs obtained consent from the defendants and leave from the court to file their opposition to the defendants' motion by February 5, 2010. *See* Minute Order (Dec. 4, 2009).

In December 2009, however, the court became aware that a dispute had arisen among the plaintiffs' attorneys. By way of background, during the underlying administrative proceedings, each of the plaintiffs had been represented by the law firm Tyrka and Associates LLC, headed by attorney Douglas Tyrka. Compl. ¶ 8. In this action, however, the plaintiffs were represented not by Tyrka, but instead by two new attorneys, Charles Moran and Paul Chassy. *See generally* Compl.

On December 9, 2009, Chassy filed a motion to withdraw as counsel for the plaintiffs, alleging that his co-counsel, Moran, had made fraudulent misrepresentations to the court. *See generally* Chassy Mot. to Withdraw. The motion was referred to Magistrate Judge Kay, who attempted to mediate the dispute. On December 15, 2009, Moran filed a "contingent consent" to Chassy's motion to withdraw, stating that the plaintiffs would consent to Chassy withdrawing from the case and continuing to receive electronic notices of activity in the case, provided that

Chassy surrender all pleadings, research materials and other papers assembled for the case. *See* Pls.' Contingent Consent to Mot. to Withdraw.

On December 16, 2009, Chassy filed an opposition to the "contingent consent." *See generally* Chassy Opp'n. Chassy alleged that Tyrka had engaged Moran and Chassy without the consent of the plaintiffs to represent the interests of Tyrka rather than the plaintiffs. *Id.* at 3. Moreover, Chassy asserted that he "[did] not know whether [Tyrka] even communicated to [the] plaintiffs that the complaint was being filed or sought their approval that [Chassy and Moran] would be representing them."[3] *Id.* at 6.

On January 13, 2010, the defendants filed a supplemental motion to dismiss based on Chassy's assertion that the action may have been commenced without the knowledge or consent of the plaintiffs. *See generally* Defs.' Further Mot. to Dismiss ("Defs.' 2d Mot."). The defendants argue that the action must be dismissed because the IDEA authorizes the parents of disabled students – not their attorneys themselves – to commence an action to recover attorney's fees. *See generally id.*

The defendants' motion to sever, first motion to dismiss and supplemental motion to dismiss are now ripe for adjudication. The court therefore turns to the applicable legal standards and the parties' arguments.

---

[3]     On April 14, 2010, the plaintiffs filed a notice of substitution of counsel in which Tyrka entered his appearance on behalf of the plaintiffs, replacing Moran and Chassy. *See* Notice of Substitution of Counsel. Accordingly, on April 16, 2010, Magistrate Judge Kay denied Chassy's motion to withdraw as moot. *See* Minute Order (Apr. 16, 2010).

# III.  ANALYSIS

## A.  The Court Grants the Defendants' Motion to Sever

### 1.  Legal Standard for Severance

The court may sever claims if parties are improperly joined.  FED. R. CIV. P. 22 (authorizing the court to add or drop a party or sever a claim against any party "at any time, on just terms" on motion of the parties or *sua sponte*).  In determining whether parties are misjoined for purposes of Rule 21, courts apply the permissive joinder requirements of Rule 20(a). *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008) (citing *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004)).  Rule 20(a) provides that persons may join in one action as plaintiffs if (1) their claims arise out of the same transaction, occurrence or series of transactions or occurrences and (2) any question of law or fact common to all plaintiffs will arise in the action.  FED. R. CIV. P. 20(a).  The rule is designed "to promote trial convenience and expedite the resolution of lawsuits."  *Disparte*, 223 F.R.D. at 10 (quoting *Puricelli v. CAN Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).  Accordingly, the two prongs of Rule 20(a) "are to be liberally construed in the interest of convenience and judicial economy . . . in a manner that will secure the just, speedy, and inexpensive determination of th[e] action." *Lane v. Tschetter*, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007) (citing *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W.Va. 1993)).

To satisfy the "same transaction or occurrence" prong of Rule 20(a), the claims sought to be joined must be "logically related" to one another.  *See Mosely v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (stating that "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence" (citing 7C FED. PRAC. & PROC. § 1653 (1972))); *accord Disparte*, 223 F.R.D. at 10

(citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). "The logical relationship test is flexible because 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Disparte*, 223 F.R.D. at 10 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Courts likewise construe the "common question of law or fact" prong of Rule 20(a) broadly to permit the liberal joinder of related claims. *See id.* This prong of Rule 20(a) "requires only that there be some common question of law or fact as to all of the plaintiffs' claims, not that all legal and factual issues be common to all the plaintiffs." *Id.* (citing *Mosely*, 497 F.2d at 1334).

Finally, "the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay." *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002) (citing *Mosely*, 497 F.2d at 1333); *see also Brereton v. Commc'ns Satellite Corp.*, 116 F.R.D. 162, 163 (D.D.C. 1987) (stating that Rule 21 must be read in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party).

### 2. The Plaintiffs' Claims Are Not Logically Related

The defendants argue that the plaintiffs' claims should be severed because they are not related in any way. *See* Defs.' 1st Mot. at 8-12. The defendants assert that the plaintiffs' claims do not arise out of a common transaction or occurrence, as they are based on separate administrative proceedings that resulted in separate HODs issued by different hearing officers on different dates involving different students. *Id.* at 10-11. According to the defendants, the plaintiffs have not alleged any common pattern of discrimination by DCPS that resulted in the plaintiffs' IDEA claims, nor have they alleged any other fact or circumstance establishing a

commonality among their claims.  *Id.*; Reply in Support of Defs.' 1st Mot. ("Defs.' 1st Reply") at 3.  There is, according to the defendants, nothing that links one plaintiff to another, beyond the fact that each is seeking attorney's fees under the IDEA.  Defs.' 1st Mot. at 10-12.  Accordingly, the defendants assert that the plaintiffs' claims are improperly joined and request that the court sever all of the plaintiffs' claims save those of the "lead plaintiff."  *Id.*

The plaintiffs respond that severing the plaintiffs' claims would frustrate the policy underlying the permissive joinder rule.  Pls.' Opp'n to Defs.' 1st Mot. ("Pls.' 1st Opp'n) at 1. They assert that the large number of plaintiffs joined in this case is typical of IDEA fee litigation and that some courts in this district have suggested that the joinder of numerous fee claims in one action is preferred to separate lawsuits.  *Id.* at 3-4.  The plaintiffs, however, offer no response to the defendants' assertion that their claims are not related, beyond stating that "all of [their] claims arise out of the District's violation of the IDEA" and that "[i]n every case, a Plaintiff was forced by the District's continuing violations of the IDEA to bring an administrative complaint, and in every case, a hearing officer found the District in violation and ordered relief."  *Id.* at 3.

As the defendants point out, another court in this district recently resolved a motion to sever under circumstances similar to those present here.  *See generally Battle v. Dist. of Columbia*, 2009 WL 6496484 (D.D.C. Apr. 29, 2009).  The plaintiffs in *Battle* were the parents of five disabled children who had commenced suit under the IDEA to challenge separate HODs issued after separate administrative due process proceedings.  *Id.* at *1-2.  In resolving the defendant's motion to sever the plaintiffs' claims, the court noted that "[t]here [were] no facts alleged in the complaint, such as the existence of a written policy similarly affecting each plaintiff's case, that support the plaintiffs' argument that their claims are somehow logically related in a manner akin to a 'pattern or practice' race discrimination case."  *Id.*  Thus, the court

concluded that the claims did not satisfy the "same transaction or occurrence" prong of Rule 20(a) and were therefore improperly joined. *Id.* at *2.

As in *Battle*, the plaintiffs' claims in this case arise out of separate administrative proceedings that resulted in separate HODs issued on different dates involving, for the most part, different students. *See* Compl., Ex. A. Beyond the fact that the claims all arise under the IDEA, the plaintiffs have offered nothing to suggest that the claims are logically related in any way. *See* Pls.' 1st Opp'n at 1-3; *see also B.L. Through Lax v. Dist. of Columbia*, 517 F. Supp. 2d 57, 64 n.12 (D.D.C. 2007) (noting that the plaintiffs' claims did not appear to meet the permissive joinder requirements of Rule 20(a), despite the fact that all of the plaintiffs were seeking attorney's fees under the IDEA). Although the court is well aware of the policy favoring the liberal joinder of claims, allowing the plaintiffs to join their claims here, when they have offered nothing to indicate that their claims are logically related, would elevate that general policy above the express requirements of Rule 20(a).[4] The flexibility inherent in the logical relationship test does not give the court license to disregard the "common transaction or occurrence" requirement of Rule 20(a). Accordingly, the court concludes that the plaintiffs' claims are improperly joined and grants the defendants' motion to sever.

---

[4] The plaintiffs' reliance on *Disparte v. Corporate Executive Board*, 223 F.R.D. 7 (D.D.C. 2004) is misplaced, as the court in that case permitted the joinder of certain claims because they arose from allegations of a common pattern of discrimination by an employer. *Id.* at 16 (observing that the properly joined plaintiffs had common superiors and job functions and had alleged the existence "of a racially discriminatory policy in the department where [they] were employed"). The plaintiffs in this case have not alleged that their claims arose from a related pattern of discrimination by DCPS. *See generally* Compl.; Pls.' 1st Opp'n. And although the plaintiffs point out that some courts in this district have expressed in dicta a preference for joining multiple IDEA fee litigation claims in a single case, nothing in those decisions suggests that such a preference permits the joinder of unrelated claims that do not satisfy the requirements of Rule 20(a). *See Abraham v. Dist. of Columbia*, 338 F. Supp. 2d 113, 122 (D.D.C. 2004); *Armstrong v. Vance*, 328 F. Supp. 2d 50, 55 (D.D.C. 2004).

Although the defendants request the dismissal of the misjoined claims, Defs.' 1st Mot. at 12, the outright dismissal of these claims would be an overly harsh sanction, *see Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (noting that "in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party").  Given that many of the HODs referenced in the complaint were issued in 2006 and 2007, *see* Compl., Ex. A, coupled with the fact that a three-year statute of limitations applies to claims for attorney's fees under the IDEA, *see infra* Part III.B.1, the dismissal of the misjoined plaintiffs' claims could bar many of these plaintiffs from obtaining redress, *see Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) (observing that "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing'" (quoting *Elmore*, 227 F.3d at 1011)).

Accordingly, the court will sever, rather than dismiss, the claims of these misjoined parties.  *See Elmore*, 227 F.3d at 1012 (noting that "Rule 21 not only requires that orders adding or dropping parties be made 'on such terms as are just,' but also expressly allows the judge to sever the misjoined party's claim rather than dismiss it" (citing *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972))).  The severed claims will be dismissed unless, within sixty days of the issuance of this order, they are refiled in a manner consistent with Rule 20(a).[5]  *See Battle*, 2009 WL 6496484, at *2.

As a result of this severance, the only claim remaining in this action is that of plaintiff Davidson, the first-listed plaintiff.  Accordingly, the court will proceed to consider whether this

---

[5]      Although the plaintiffs suggest that severance will require them to refile their claims as 158 separate actions, Pls.' 1st Opp'n at 1, the plaintiffs' fear would be realized only if none of these 158 HODs were logically related to one another, a fact that remains far from clear, *see* Compl., Ex. A.

claim should be dismissed based on the arguments raised in the defendants' first and supplemental motions to dismiss.

## B. The Court Grants in Part and Denies in Part the Defendants' First Motion to Dismiss

In its first motion to dismiss, the defendants argue that any non-severed claims are time-barred and that the complaint fails to state a claim for which relief can be granted.[6] *See* Defs.' 1st Mot. at 12-23. The court considers these arguments in turn.

### 1. The Non-Severed Claim Is Not Time-Barred

The defendants contend that any non-severed claim should be dismissed as time-barred. Defs.' 1st Mot. at 18-23; Defs.' 1st Reply at 12-17. They argue that although several courts in this district have applied a three-year statute of limitations to IDEA fee claims, these rulings were implicitly overturned by the Circuit's decisions in *Kaseman v. District of Columbia*, 444 F.3d 637 (D.C. Cir. 2006), and *Jester v. District of Columbia*, 474 F.3d 820 (D.C. Cir. 2007). Defs.' 1st Mot. at 19-21; Defs.' 1st Reply at 13-15. According to the defendants, the reasoning underlying these decisions requires the court to apply the ninety-day limitations period applicable to substantive IDEA challenges[7] to claims for attorney's fees arising under the IDEA. Defs.' 1st Mot. at 19-21; Defs.' 1st Reply at 13-15.

The plaintiffs respond that the court should adhere to the three-year limitations period that numerous courts in this district have applied to IDEA fee claims. Pls.' 1st Opp'n at 7-11. They argue that *Kaseman* and *Jester* concerned only the statutory "fee cap" applicable to IDEA claims brought in the District of Columbia and that neither decision addressed the statute of

---

[6]     As previously discussed, the court grants as conceded the portion of the defendants' first motion to dismiss seeking the dismissal of claims against defendants Rhee and Fenty. *See supra* Part I.

[7]     The IDEA provides that any party aggrieved by the determination of administrative hearing officer may bring a civil action within ninety days from the date of the HOD. 20 U.S.C. § 1415(i)(2)(B).

limitations applicable in IDEA fee litigation. *Id.* at 9. Furthermore, the plaintiffs contend that the defendants should be estopped from asserting a statute of limitations defense because the District of Columbia lulled the plaintiffs into inaction through practices such as honoring bills submitted outside the ninety-day limitations period and approving of the annual submission of attorney's bills. *Id.* at 11-14.

The IDEA does not contain a statute of limitations provision for claims brought under its fee shifting provisions. *Kaseman*, 444 F.3d at 641 (observing that because IDEA fee claims are "a creature of case law, the text of the IDEA does not specify an applicable statute of limitations"). "When Congress has not established a statute of limitations for a federal cause of action, it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." *Spiegler v. Dist. of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989).

As a result, many courts in this district have applied the three-year statute of limitations set forth in D.C. Code § 12-301(8)[8] to IDEA fee claims. *See Brown ex rel. P.L. v. Barbara Jordan Pub. Charter Sch.*, 495 F. Supp. 2d 1, 2 (D.D.C. 2007); *Armstrong v. Vance*, 328 F. Supp. 2d 50, 54-55 (D.D.C. 2004); *Kaseman v. Dist. of Columbia*, 329 F. Supp. 2d 20, 25 (D.D.C. 2004); *Akinseye v. Dist. of Columbia*, 193 F. Supp. 2d 134, 141 (D.D.C. 2002), *rev'd on other grounds*, 339 F.3d 970 (D.C. Cir. 2003). These courts reasoned that the shorter limitations period applicable to claims challenging administrative determinations did not apply because IDEA fee litigation was separate and distinct from, rather than merely ancillary to, substantive IDEA litigation challenging an administrative HOD. *See Armstrong*, 328 F. Supp. 2d at 54-55 (concluding that IDEA fee litigation is more like a *de novo* civil action than a review of an

---

[8]     D.C. Code § 12-301(8) provides that a limitations period of three years shall apply to all actions for which a limitations period is not otherwise specially prescribed.

administrative agency decision); *Kaseman*, 329 F. Supp. 2d at 25 (concluding that "an action for attorney's fees is not akin to an appeal from an administrative decision, and thus, importing the statute of limitations for appeals would be inappropriate"); *see also Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole County, Fla.*, 111 F.3d 847, 851 (11th Cir. 1997) (concluding that Florida's thirty-day limitations period for appeals of administrative decisions did not apply to the plaintiff's IDEA fee claim because "the IDEA provides two distinguishable causes of action" in that "section 1415(e)(2) provides for the appeal of a substantive administrative decision, whereas section 1415(e)(4) provides for an independent claim for attorneys' fees").[9]

The defendants contend that these district court decisions have been superseded by the Circuit's rulings in *Kaseman* and *Jester*. Defs.' 1st Mot. at 19-21. *Kaseman* and *Jester* concerned a provision of the 2005 District of Columbia Appropriations Act that capped the District's payment of IDEA attorney's fees at $4,000 per "action." *Kaseman*, 444 F.3d at 638; *Jester*, 474 F.3d at 821. In *Kaseman*, the Circuit reviewed the district court's ruling that a judicial proceeding to recover attorney's fees incurred in a prior IDEA administrative proceeding was an "action" separate from the administrative proceeding itself for purposes of the statutory fee cap. 444 F.3d at 639-40. Similarly, *Jester* concerned the district court's ruling that a judicial proceeding substantively challenging an administrative HOD and the prior administrative proceeding itself were not part of the same "action" for purposes of the fee cap. 474 F.3d at 821. The Circuit reversed the district court in both cases, concluding that subsequent judicial proceedings and the prior administrative proceedings were part of the same "action" for purposes

---

[9]     *But see Abraham v. Dist. of Columbia*, 338 F. Supp. 2d 113, 122 (D.D.C. 2004) (concluding that "the issue of attorneys' fees is indeed ancillary to the underlying dispute before an administrative agency" and that as a result, "the 30-day limitations period selected by the D.C. Circuit for substantive appeals should be applied to attorneys' fee applications, as well").

of the statutory fee cap.  *Kaseman*, 444 F.3d at 642; *Jester*, 474 F.3d at 821-22 (citing *Kaseman*, 444 F.3d at 642).

In reaching this conclusion, the defendants argue, the Circuit rejected the premise underlying the district court decisions applying a three-year statute of limitations to IDEA fee claims – that a judicial proceeding to recover attorney's fees under the IDEA should be treated as an action separate from a substantive challenge under the IDEA governed by a shorter limitations period.  Defs.' 1st Mot. at 19-21.  Yet *Kaseman* and *Jester* only addressed the scope of an "action" for purposes of the fee cap provision in the 2005 District of Columbia Appropriations Act and did not consider the statute of limitations issue addressed in the previously cited district court rulings.  *See Kaseman*, 444 F.3d at 640; *Jester*, 474 F.3d at 821.  Indeed, in *Kaseman*, the Circuit reaffirmed in large measure the distinction between IDEA fee litigation and substantive IDEA litigation, noting that although IDEA fee litigation "arises out of the same controversy and depends entirely on the administrative hearing for its existence," a claim for attorney's fees under the IDEA is "not a direct appeal of a decision made by the agency at the administrative hearing, as it does not call into question the child's evaluation or placement."  444 F.3d at 642.  Moreover, the Circuit expressly acknowledged that IDEA attorney's fees claims constitute a cause of action independent from any substantive challenge to an HOD.  *Id.* (stating that it was appropriate to "treat[] a prevailing party's fee request as part of the same 'action' as the underlying educational dispute, *despite being brought pursuant to an independent 'cause of action'*") (emphasis added).

Accordingly, the court concludes that *Kaseman* and *Jester* do not expressly or impliedly overrule those district court rulings applying the three-year statute of limitations set forth in D.C. Code § 12-301(8) to claims for attorney's fees under the IDEA.  The court will therefore apply a

three-year statute of limitations to the remaining claim in this case. *See Brown*, 495 F. Supp. 2d at 2 (noting, in a ruling issued after the Circuit's decision in *Kaseman*, that "[i]n the absence of clear precedent from our Circuit Court to the contrary, this Court joins in the conclusion of its colleagues and adopts the D.C. Code's three year limitation period").

"Ordinarily, the statutory time limit for an attorney fee claim under the IDEA would start to run when the services provided by the attorney were completed and the parent or guardian qualified as the 'prevailing party' under 20 U.S.C. § 1415(i)(3)(B)." *Akinseye*, 193 F. Supp. 2d at 145. The HOD underlying plaintiff Davidson's claim for attorney's fees was issued on August 18, 2006. *See* Compl., Ex. A. The complaint was filed on July 10, 2009, less than three years later. *See generally* Compl. Therefore, plaintiff Davidson's claim is not time-barred.

### 2. The Court Declines to Dismiss the Complaint Under Rule 12(b)(6)

#### a. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002),

or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### b. The Complaint Articulates a Plausible Claim for Relief

The defendants contend that the complaint should be dismissed under Rule 12(b)(6) because it is facially deficient. Defs.' 1st Mot. at 12-14; Defs.' 1st Reply at 10-12. They argue that the complaint contains insufficient information about the administrative proceedings on which the plaintiffs base their claims for attorney's fees. Defs.' 1st Mot. at 12-13; Defs.' 1st Reply at 11. The defendants note that Exhibit A to the complaint contains a column titled "HOD/SA Date," which appears to refer to the date of an HOD or settlement agreement. Defs.' 1st Mot. at 12-13; Defs.' 1st Reply at 11. Yet, given that a plaintiff whose administrative complaint is resolved through a settlement agreement is not a "prevailing party" for purposes of the IDEA's fee shifting provisions,[10] the defendants argue that Exhibit A suggests that at least some of these plaintiffs are not prevailing parties entitled to relief. Defs.' 1st Mot. at 12-13; Defs.' 1st Reply at 11. The defendants further contend that the complaint contains inaccuracies and insufficient information regarding the reasonableness of the fees sought. Defs.' 1st Mot. at 12-13; Defs.' 1st Reply at 11. Finally, the defendants argue that even if the complaint is not dismissed, the plaintiffs should be required to provide a more definite statement of their claims. Defs.' 1st Mot. at 14-18; Defs.' 1st Reply at 11-12.

The plaintiffs maintain that the complaint adequately states a claim for relief because it pleads all of the elements necessary to state a claim for attorney's fees under the IDEA. Pls.' 1st Opp'n at 4-6. More specifically, the plaintiffs assert that the complaint satisfies the pleading requirements of Rule 8 by alleging that the plaintiffs were prevailing parties in administrative proceedings brought under the IDEA and specifically identifying the date of the resulting order

---

[10] *See Alegria v. Dist. of Columbia*, 391 F. 3d 262, 265-66 (D.C. Cir. 2004) (holding that plaintiffs are not considered "prevailing parties" for purposes of the IDEA's fee shifting provisions when their claims are resolved through private settlement agreements (citing *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001))).

and the amount of reasonable attorney's fees to which they claim they are entitled.[11]  *Id.* at 5-6.

The plaintiffs assert that whatever inaccuracies in the complaint the defendants claim to have

identified may be issues addressed at summary judgment, but do not reveal deficiencies in the

complaint.  *Id.* at 7.  Furthermore, the plaintiffs assert that a more definite statement would be

inappropriate under these circumstances, as the defendants have plainly been put on notice of the

nature of the plaintiffs' claims and the facts underlying those claims.  *Id.* at 6-7.

To succeed on her claim for attorney's fees, plaintiff Davidson must establish that she

was the "prevailing party" during the underlying administrative proceeding and that the fees she

seeks to recover are "reasonable."  20 U.S.C. § 1415(i)(3)(B).  In the complaint, plaintiff

Davidson alleges that she was the "prevailing party" in an IDEA administrative proceeding by

virtue of a favorable HOD issued by a hearing officer following an administrative hearing.

Compl. ¶¶ 9-11.  Furthermore, the complaint specifies the date on which the administrative

hearing officer issued the HOD in favor of plaintiff Davidson (August 18, 2006), the date on

which the fee claim was submitted to the defendants (March 26, 2007) and the outstanding

amount of attorney's fees related to those proceedings ($5,951.89).  *Id.*, Ex. A.  The complaint

states that the attorney's fees sought are substantiated through timesheets and invoices and are

consistent with the prevailing rates charged in the community.  *Id.* ¶¶ 14-16.  The complaint

therefore contains sufficient factual content giving rise to a plausible claim for relief for plaintiff

Davidson.  *See* 20 U.S.C. § 1415(i)(3)(B).

---

[11]  Despite their allegation that each of the administrative proceedings listed in Exhibit A resulted in the issuance of an HOD favorable to the student, Compl. ¶¶ 9-10, the plaintiffs acknowledge in their opposition that four of these administrative proceedings were resolved through settlement agreements rather than HODs, Pls.' 1st Opp'n at 7.  The plaintiffs concede that they are not entitled to attorney's fees arising out of those proceedings.  *Id.*  Plaintiff Davidson's claim is not, however, premised on any of these four proceedings.  *See id.*; Compl., Ex. A.

Although the defendants assert that the "Outstanding Amount" figures in Exhibit A are inaccurate and that the complaint contains misrepresentations regarding the rate at which the defendants have reimbursed plaintiff Davidson's counsel on prior occasions, *see* Defs.' 1st Mot. at 13-14; Defs.' 1st Reply at 11, these alleged misrepresentations concern the proper amount to be awarded to plaintiff Davidson, not the sufficiency of the complaint, *see Holy Land Found.*, 333 F.3d at 165 (observing that the court must treat the complaint's factual allegations as true when resolving a Rule 12(b)(6) motion to dismiss). Moreover, the defendants point to no authority suggesting that a plaintiff must provide specific allegations about the disposition of an HOD or supply detailed billing records at the pleadings stage to survive a motion to dismiss. *See* Defs.' 1st Mot. at 13-14; Defs.' 1st Reply at 12. Accordingly, the court declines to dismiss the complaint under Rule 12(b)(6).

As for the defendants' request in the alternative for a more definite statement, the court notes that a more definite statement is appropriate when the facts set forth in the complaint are "too vague to give the defendants the notice to which they are entitled." *Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 3 (D.D.C. 2007). In this case, the complaint identifies the HOD that allegedly establishes plaintiff Davidson's status as a "prevailing party," identifies the date on which that claim was submitted to the defendants and specifies the amount of attorney's fees sought. *See* Compl. ¶¶ 9-11 & Ex. A. These factual allegations adequately place the defendants on notice of plaintiff Davidson's claim and permit the defendants to frame a response to that claim. The court therefore denies the defendants' request for a more definite statement.

### C. The Court Holds in Abeyance the Defendants' Supplemental Motion to Dismiss

In their supplemental motion to dismiss, the defendants contend that the complaint should be dismissed because there is evidence that the action was not commenced with the knowledge

and consent of the plaintiffs. *See generally* Defs.' 2d Mot. Specifically, the defendants point to assertions in Chassy's submission that this fee litigation was commenced by Tyrka without the knowledge and consent of the plaintiffs. *Id.* at 5-7. The defendants argue that because the IDEA only authorizes the parents of a disabled child to seek attorney's fees, and provides no separate cause of action to counsel, the complaint must be dismissed.[12] *Id.*

In an opposition filed by Moran on behalf of the plaintiffs, Moran responds that the defendants' motion is grounded on nothing more than Chassy's unfounded speculation. *See generally* Pls.' Opp'n to Defs.' 2d Mot. ("Pls.' 2d Opp'n"). The opposition points out that Chassy does not purport to have any actual knowledge that this action was commenced without the authorization of the plaintiffs, as Chassy states merely that he "did not know" whether Tyrka ever informed the plaintiffs that he was going to commence this action. *Id.* at 1-2. The opposition maintains that because neither the defendants nor Chassy offer any actual evidence that the plaintiffs did not authorize this action, the defendants' supplemental motion to dismiss should be denied. *Id.*

As previously noted, the IDEA authorizes the award of attorney's fees "to a prevailing party *who is the parent of a child with a disability*." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). The plain text of the statute therefore indicates that only the parent of a disabled child has standing to bring a claim for attorney's fees under the IDEA. *See id.* To the extent that this IDEA fee litigation was brought not by the parent of a disabled child but by an attorney seeking to vindicate his own interests, it may be dismissed based on a lack of prudential standing. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (holding that prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights");

---

[12] Although the defendants characterize their supplemental motion as one to dismiss for lack of subject matter jurisdiction, *see generally* Defs.' 2d Mot., as discussed below, the defendants' argument is more properly understood as a motion to dismiss for lack of standing.

*Warth v. Seldin*, 422 U.S. 490, 500-01 (1975) (recognizing that while standing "in no way depends on the merits of the plaintiff's contention that particular conduct is illegal," it "often turns on the nature and source of the claim asserted" such that a court must consider whether the law grants a right of action to persons "seek[ing] relief on the basis of the legal rights and interests of others"); *see also Benitez v. Collazo-Collazo*, 888 F.2d 930, 933 (1st Cir. 1989) (dismissing an appeal of an order denying attorney's fees because the appeal was brought by counsel, noting that "[s]ince the award of attorney's fees belongs initially to the prevailing *party*, only the party, and not the attorney, has standing to appeal any such grant or denial (citing *Soliman v. Ebasco Servs., Inc.*, 822 F.2d 320, 323 (2d Cir. 1987))).

In large measure, the allegations raised by Chassy and relied on in the defendants' supplemental motion to dismiss amount to nothing more than speculative and unfounded innuendo. As the opposition rightly points out, Chassy does not claim to have any direct knowledge of any wrongdoing by Tyrka. *See generally* Chassy Opp'n. Indeed, most of Chassy's allegations arise from the fact that he "did not know" whether Tyrka had committed any wrongdoing. *See generally id.*

At the same time, Chassy's allegations are not entirely without substance. Chassy alleges, for instance, that although he and Moran filed the complaint on behalf of the plaintiffs, and were the only counsel of record for the plaintiffs at the time this action was commenced, they had no contact with the plaintiffs before they filed the complaint and that attorney Tyrka functioned as their client for all intents and purposes. *Id.* at 3, 6. Furthermore, although the opposition rails against Chassy's "sleazy mudslinging," Pls.' 2d Opp'n at 2, it contains no affirmative representation that this action was, in fact, commenced with the knowledge and consent of the plaintiffs, *see generally id.*

The court concludes that under these circumstances, there remains some uncertainty as to whether this action was commenced by a party with standing to seek attorney's fees under the IDEA. Accordingly, the court holds the defendants' supplemental motion to dismiss in abeyance to allow counsel an opportunity to submit a declaration from plaintiff Davidson, the sole remaining plaintiff in this case, that this action was commenced by Moran and Chassy with her knowledge and consent. Unless counsel submits such a declaration within fourteen days of the issuance of this order, this action will be dismissed.

## IV. CONCLUSION

For the foregoing reason, the court grants the defendants' motion to sever, grants in part and denies in part the defendants' first motion to dismiss and holds in abeyance the defendants' supplemental motion to dismiss pending the submission of additional evidence by the plaintiffs' counsel. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 8th day of September, 2010.

RICARDO M. URBINA
United States District Judge
